UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JACOB MCCORMICK, | : | CASE NO. 3:21-cv-01743 |
| Petitioner, | : | OPINION & ORDER<br>[Resolving Docs. 1, 14, 15] |
| v. | : | |
| NEIL TURNER, | : | |
| Respondent. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Jacob McCormick currently serves a state sentence for rape and related sex crimes involving a minor. Proceeding pro se, McCormick filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. With his petition, McCormick raises four claims: (1) that the state trial court violated McCormick's due process rights by giving erroneous jury instructions; (2) that McCormick's sentence is cruel and unusual because it is grossly disproportionate to his offense; (3) that McCormick's verdict was not supported by sufficient evidence; and (4) that McCormick's verdict was against the manifest weight of the evidence.[1]

The Court referred McCormick's petition to a Magistrate Judge. In a report and recommendation (R&R), the Magistrate Judge recommended denying the petition because each of McCormick's claims is either non-cognizable, procedurally defaulted, or not supported.[2] McCormick objected to the R&R.[3] Respondent did not reply.

[1] Doc. 1 at PageID #: 6–8.
[2] Doc. 14.
[3] Doc. 15.

The Court reviews the R&R's objected-to portions de novo.[4] The Court agrees with the Magistrate Judge's conclusions, though the Court adopts different reasoning to deny McCormick's cruel and unusual punishment claim. Therefore, the Court **OVERRULES** McCormick's objections, **ADOPTS IN PART** and **REJECTS IN PART** the R&R, and **DENIES** McCormick's petition.

## I. BACKGROUND

Because the R&R contains a detailed account of the factual and procedural background in this case,[5] the Court recounts only the background relevant to McCormick's objections.

### A. Factual Background[6]

McCormick first met the victim of his offenses at a roller-skating rink. At the time of their meeting, McCormick was 18 years old. The victim was 12 years old.

McCormick and the victim exchanged phone numbers and began to text each other. Shortly afterwards, the victim snuck out of her house and had sex with McCormick. This happened two more times before the victim's mother became concerned about the victim's change in behavior.

The victim's mother contacted the police, who interviewed the victim. Although the victim initially told police that she and McCormick did not have sex, she later admitted that the two did have sex.

[4] 28 U.S.C. § 636(b)(1).

[5] Doc. 14 at 1–7.

[6] The Court draws on the state appellate court's summary of the facts for this section. *See State v. McCormick*, No. 19CA011502, 2020 WL 2843238, at *1 (Ohio Ct. App. June 1, 2020). Because McCormick has not attempted to rebut the state court's factual findings, the Court presumes that those factual findings are correct. *See* 28 U.S.C. § 2254(e)(1).

### B. Procedural History

On May 3, 2018, a grand jury indicted McCormick on ten counts of rape, gross sexual imposition, and contributing to unruliness or delinquency of a child.[7]

On April 9, 2019, McCormick began his trial.[8] After the parties finished presenting their cases, the state trial court instructed the jury. In its jury instructions, the state trial court told the jury that purpose was not an element of gross sexual imposition.[9] However, the next day, the state trial court realized that purpose was a required element of gross sexual imposition and gave jurors a corrected gross sexual imposition instruction.[10]

The same day that jurors received the corrected instruction, the jury convicted McCormick on eight out of McCormick's ten counts.[11] The state trial court sentenced McCormick to life with the possibility of parole after ten years.[12]

McCormick filed a direct appeal of his convictions.[13] The state appellate court affirmed McCormick's convictions.[14] McCormick then appealed to the Ohio Supreme Court.[15] The Ohio Supreme Court declined jurisdiction.[16]

After completing his direct appeal, McCormick filed this habeas petition.[17] The Court referred McCormick's petition to a Magistrate Judge under the Local Rules. The Magistrate Judge then issued an R&R recommending that the Court deny McCormick's petition.[18]

---

[7] Doc. 10-2, Ex. 1.
[8] Doc. 10-2, Ex. 3.
[9] Doc. 11-3 at PageID #: 711.
[10] *Id.* at PageID #: 720–24.
[11] Doc. 10-2, Ex. 3.
[12] Doc. 10-2, Ex. 5 at PageID #: 90.
[13] Doc. 10-2, Ex. 6.
[14] Doc. 10-2, Ex. 9.
[15] Doc. 10-2, Ex. 10.
[16] Doc. 10-2, Ex. 13.
[17] Doc. 1.
[18] Doc. 14.

Although McCormick had erroneously filed his petition under 28 U.S.C. § 2241,[19] in the R&R, the Magistrate Judge treated McCormick's petition as a § 2254 petition. McCormick filed objections to the R&R recommendation.[20]

On November 28, 2023, the Court gave notice to Petitioner McCormick that the Court intended to treat McCormick's petition as a § 2254 petition.[21] Because doing so would limit McCormick's ability to file second or successive petitions in the future, the Court allowed McCormick thirty days to amend his petition to add any additional habeas claims he might have.[22] McCormick did not file an amended petition, so the Court recharacterizes McCormick's petition as a § 2254 petition and now evaluates the R&R and McCormick's objections as such.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2254, Petitioner McCormick may attack the validity of his state conviction in federal court. However, relief under § 2254 is highly limited.

Section 2254 permits petitioners to raise only "violation[s] of the Constitution or laws or treaties of the United States."[23] This means that state-law errors are generally not cognizable in habeas proceedings.[24]

Petitioners must also first present their claims to the state courts.[25] A petitioner who fails to present a federal claim to the state courts procedurally defaults that federal claim if the time for raising such claim in state court has passed.[26]

---

[19] *See* Doc. 1 at PageID #: 1.
[20] Doc. 15.
[21] Doc. 17.
[22] *Id.*; *see also Martin v. Overton*, 391 F.3d 710, 713–14 (6th Cir. 2004).
[23] 28 U.S.C. § 2254(a).
[24] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).
[25] 28 U.S.C. § 2254(b)(1)(A); *Wagner v. Smith*, 581 F.3d 410, 417 (6th Cir. 2009).
[26] *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

Federal courts generally may not consider procedurally defaulted claims on the merits. The only exception to this rule is if the petitioner can demonstrate "cause for the default and actual prejudice as a result of the [claimed] violation of federal law," or if the petitioner can demonstrate that enforcing the default would "result in a fundamental miscarriage of justice."[27]

Even if a federal court reaches the merits of a petitioner's habeas claim, significant barriers remain. Federal courts review habeas claims under the Antiterrorism and Effective Death Penalty Act (AEDPA).[28] AEDPA requires federal courts to be highly deferential to state courts' decisions. A federal court may grant habeas relief only when the state court decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[29]

Only the first of these two standards is relevant here, because Petitioner McCormick does not argue that the state courts made any factual mistakes.

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."[30]

---

[27] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).
[28] *Carter v. Bogan*, 900 F.3d 754, 767 (6th Cir. 2018).
[29] 28 U.S.C. § 2254(d).
[30] *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

A state court's decision is an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[31]

For a decision to be "unreasonable," it must be more than merely incorrect.[32] Rather, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[33]

## III. DISCUSSION

### A. Claim 1: Erroneous Jury Instructions

Petitioner McCormick says that the state trial court deprived him of his right to a fair trial under the Due Process Clause when the state trial court gave erroneous instructions to the jury.[34] McCormick argues that the state trial court incorrectly instructed the jury on whether purpose was an element of gross sexual imposition.[35] According to McCormick, even though the state trial court corrected the instruction the next day, this event still violated McCormick's constitutional rights.[36]

The Magistrate Judge recommended denying Claim 1 as non-cognizable to the extent it raised state-law jury instruction issues, and as procedurally defaulted and meritless to the extent it raised a federal due process claim.[37] The Court agrees.

To begin, jury instructions are primarily the province of state law.[38] Questions about the correctness of a jury instruction are state-law questions that can be raised on direct appeal

---

[31] *Taylor*, 529 U.S. at 413.
[32] *Carter*, 900 F.3d at 767–68 (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)).
[33] *Harrington v. Richter*, 562 U.S. 86, 103 (2011).
[34] Doc. 1 at PageID #: 6–7.
[35] *Id.*
[36] *Id.*
[37] Doc. 14 at 10–14 & n.3.
[38] *Estelle*, 502 U.S. at 71–72.

in the state courts but that are not cognizable in federal habeas petitions. An erroneous jury instruction does not rise to the level of a due process violation unless the "instruction by itself so infected the entire trial that the resulting conviction violates due process."[39]

So far as McCormick argues that the erroneous jury instruction in his case was so egregious that it violated due process, McCormick's claim fails because it is procedurally defaulted and because it is otherwise wrong.

### 1. Procedural Default

Before a petitioner can raise a claim in federal habeas proceedings, the petitioner must first present that claim to the state courts.[40] If the petitioner fails to fairly present a claim in state court, and the time for raising that claim in state court has passed, that claim is procedurally defaulted.[41]

In determining whether a petitioner has fairly presented a claim to the state courts, habeas courts ask if the petitioner "(1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law."[42]

Fair presentation requires more than the bare, unexplained statement that the state trial court violated due process. For example, the Sixth Circuit has found that a petitioner failed to fairly present his constitutional claims to the Ohio Supreme Court when the petitioner's Ohio Supreme Court brief contained only the general statement that the state

---

[39] *Estelle*, 502 U.S. at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).
[40] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).
[41] *Anderson*, 460 F.3d at 806.
[42] *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017).

trial court had violated "his rights to a fair trial, due process and a reliable determination of his guilt and sentence," and the petitioner's brief cited almost exclusively Ohio cases about Ohio evidence rules.[43]

In this case, Petitioner McCormick's state appellate brief similarly fails to present McCormick's due process claim. In his brief, McCormick raises the Due Process Clause only twice: (1) in a heading ("Mr. McCormick Was Deprived the Right to a Fair Trial Under the State and Federal Due Process Clauses as a Result of the Trial Court's Erroneous Jury Instructions . . . ."); and (2) in the last sentence of the brief's jury instruction section ("However, this is clearly plain error as the confusion of the jury instructions . . . is a serious constitutional error as it deprived Mr. McCormick of his right to a fair trial as afforded to him by the due process clause of the Ohio and United States Constitution.").[44]

The remainder of the brief's jury instruction section contains little discussion about the Due Process Clause. McCormick cited only Ohio cases, mostly to describe Ohio's plain error standard of review.[45] And the one case not cited for the plain error standard was cited instead for an Ohio jury instruction given to deadlocked juries.[46]

The state appellate brief's jury instruction section also contained a summary of trial proceedings,[47] a discussion on whether the state trial court should have given a supplemental instruction to jurors when the jury was deadlocked,[48] and two paragraphs (unsupported by any legal citations) about why the erroneous instructions would have confused the jury.[49]

---

[43] *Hand*, 871 F.3d at 418.
[44] Doc. 10-2, Ex. 7 at PageID #: 109, 114.
[45] *Id.* at PageID #: 109.
[46] *Id.* at PageID #: 112.
[47] *Id.* at PageID #: 110–12.
[48] *Id.* at PageID #: 112–13.
[49] *Id.* at PageID #: 113–14.

None of this is sufficient to fairly present McCormick's jury instruction due process claim for state court review of McCormick's due process argument.

Because McCormick has not fairly presented his due process claim to the state appellate court, and the time for doing so has passed, McCormick's due process claim is procedurally defaulted.

#### 2. Merits

Even if McCormick's due process claim were not defaulted, it would still fail on the merits.

When evaluating whether an incorrect jury instruction violates due process, courts must not judge the instruction "in artificial isolation," but rather must consider the faulty instruction "in the context of the instructions as a whole and the trial record."[50] The key issue is "'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution."[51]

In this case, there is no reasonable likelihood of a violation because the trial court corrected its instructions to the jury the very next day, and before the jury reached a verdict. Thus, it is unlikely that the jury violated due process by applying incorrect instructions.

### B. Claim 2: Cruel and Unusual Punishment

Next, Petitioner McCormick argues that his sentence of ten years to life, with the possibility of parole, is cruel and unusual under the Eighth Amendment because it is grossly disproportionate to his offenses.[52]

---

[50] *Estelle*, 502 U.S. at 72 (citation omitted).
[51] *Id.* (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)).
[52] Doc. 1 at PageID #: 7.

The Magistrate Judge recommended denying Claim 2 on the merits because Eighth Amendment proportionality analysis comes into play only when a defendant is sentenced to death or life without parole.[53] In reaching that conclusion, the Magistrate Judge relied on the Sixth Circuit's decision in *United States v. Thomas*.[54]

However, in a subsequent decision, the Supreme Court explained that "one governing legal principle emerges as 'clearly established' under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years."[55] In that regard, *Thomas* is no longer good law, and courts may analyze any sentence's proportionality under the Eighth Amendment.

The Ohio General Assembly legislates criminal sentencing ranges. For McCormick's crime, Ohio law required the sentencing trial court to impose the sentence that McCormick received.[56]

Although McCormick can make a proportionality claim, McCormick's cruel and unusual punishment claim still fails under the gross disproportionality test. To apply the test, courts compare the "gravity of the offense and the severity of the sentence."[57]

McCormick's offenses are not minor, victimless crimes.[58] To the contrary, McCormick's sex crimes against a minor are serious and likely to have had significant consequences for McCormick's victim. Moreover, "[a] sentence within the maximum set by

[53] Doc. 14 at 19–20.
[54] 49 F.3d 253, 261 (6th Cir. 1995). ("Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole.").
[55] *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003).
[56] Ohio Rev. Code 2971.03(B)(1)(a).
[57] *United States v. Moore*, 643 F.3d 451, 455 (6th Cir. 2011) (citing *Harmelin v, Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J., concurring)).
[58] *See id.* (indicating that violent crimes involving trauma to victims rendered a more severe sentence proportional).

statute generally does not constitute cruel and unusual punishment."[59] McCormick's sentence is exactly the one prescribed by Ohio law.[60]

As such, it was reasonable for the state courts to find that McCormick's sentence is not cruel and unusual.

**C. Claim 3: Sufficiency of the Evidence**

Petitioner McCormick also says that his conviction violated due process because his conviction was not supported by sufficient evidence.[61] Before the Magistrate Judge, McCormick argued solely that the victim's testimony was not reliable.[62] But in his objections to the R&R, McCormick also suggested that there was a lack of physical evidence in his case.[63]

The Magistrate Judge recommended denying Claim 3 because courts cannot weigh evidence or determine credibility when assessing a sufficiency of the evidence claim.[64] That Magistrate finding is correct.[65]

As for McCormick's physical evidence objections, McCormick cannot raise those arguments before the District Court since he failed to make those arguments to the Magistrate Judge.[66]

Therefore, McCormick's sufficiency of the evidence claim fails as well.

---

[59] *United States v. Layne*, 324 F.3d 464, 474 (6th Cir. 2003) (quoting *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000)).
[60] Ohio Rev. Code 2971.03(B)(1)(a).
[61] Doc. 1 at PageID #: 7.
[62] Doc. 13 at 18.
[63] Doc. 15 at 6.
[64] Doc. 14 at 24.
[65] *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020).
[66] *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (collecting cases).

### D. Claim 4: Manifest Weight of the Evidence

Finally, Petitioner McCormick argues that his conviction was against the manifest weight of the evidence.[67] McCormick fails on this claim because manifest weight of the evidence is a state-law issue not cognizable in habeas.[68]

## IV. CONCLUSION

For the reasons above, the Court **OVERRULES** McCormick's objections.[69] The Court **ADOPTS IN PART** and **REJECTS IN PART** the R&R. The Court rejects the portion of the R&R concluding that gross disproportionality analysis is only available for sentences of death or life without parole, but the Court finds that McCormick's sentence is not grossly disproportionate to McCormick's offenses. The Court adopts the remainder of the R&R. As a result, the Court **DENIES** McCormick's habeas petition.

Further, the Court certifies, under 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[70]

IT IS SO ORDERED.

Dated: January 19, 2024

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[67] Doc. 1 at PageID #: 8.

[68] *Nash v. Eberlin*, 258 F. App'x 761, 764 n.4 (6th Cir. 2007).

[69] In his objections, McCormick appears to argue that Ohio law violates due process because misdemeanor sexual imposition requires evidence to corroborate a victim's testimony before conviction while the more serious sex crimes for which McCormick was convicted does not. Doc. 15 at 3–4. To the extent this is a new habeas claim, McCormick should have raised it by amending his habeas petition when the Court gave him the opportunity to amend. *See* Doc. 17. McCormick did not do so. And it is inappropriate to raise new issues or arguments in an objection that were not raised to the Magistrate Judge. *Murr*, 200 F.3d at 902 n.1. So, the Court does not consider this argument.

[70] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).